UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANGEL SANTIAGO,

    Plaintiff,

v.                                    Case No. 3:13-cv-177-J-99MMH-PDB

M. HALL et al.,

    Defendants.

_____

**ORDER**

1. Plaintiff's Motions for Extension of Time (Docs. 30 & 33) are **GRANTED** as follows. The Order setting deadlines for completing discovery and filing pretrial narrative statements (Doc. 21), is **amended** only to the following extent:

> All discovery must be completed by **January 10, 2014.** Any motions relating to discovery must be filed no later than **January 20, 2014**.
>
> All motions to dismiss and/or for summary judgment must be filed by **March 1, 2013.**
>
> Plaintiff must file his pretrial narrative statement by **March 30, 2013.**
>
> Defendants must file their pretrial narrative statement by **April 13, 2013.**

2. Plaintiff's Motion to Amend Civil Complaint (Motion) (Doc. 31) is **DENIED**. Plaintiff signed the Complaint (Doc. 1) under penalty of perjury ("I declare under penalty of perjury that the

foregoing is true and correct.").[1] Id. at 14. In response, Defendants filed an Answer, Affirmative Defenses and Demand for Jury Trial (Doc. 17), and then apparently deposed Plaintiff with the use of a translator (Doc. 29). Plaintiff did not move to amend the Complaint until the day of his scheduled deposition, which was nine months after he had filed his Complaint and well after discovery was underway. (Because he filed his Motion on the same day as his scheduled deposition, the Court presumes that his deposition prompted the Motion.) Rather than seeking to amend a claim, he seeks only to correct details of his alleged beating, asserting that because his English is not strong, an inmate who had helped him draft the Complaint might have misunderstood him, and he had not previously noticed the alleged errors. (Doc. 31 at 1-3).

Fed. R. Civ. P. 15(a) requires the Court to "freely give leave [to amend] when justice so requires." Justice does not require leave to amend under these circumstances. Plaintiff swore under penalty of perjury that the facts in his Complaint were true and

---

[1]Knowingly making a false material declaration in violation of Title 18, United States Code, Section 1623, is punishable by a fine or imprisonment, or both. Section 1623(a) provides: "Whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false material declaration, shall be fined under this title or imprisoned not more than five years, or both."

correct and then waited nine months and well after discovery was underway to try to amend them (in apparent response to his deposition). Leave to amend is unwarranted in light of the nature of the amendments, the lengthy time period between the Complaint and Motion, and the Defendants' expenditure of efforts in response to the Complaint.

    3.    Plaintiff's Motion for Appointment of Counsel (Doc. 34) is **DENIED** because his case does not present exceptional circumstances, such as novel or complex issues or facts. See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)(explaining that there is no right to counsel in a civil case, and a court should appoint counsel in a civil case only when there are "exceptional circumstances").

    4.    Inmate Antonio Buckman's Notice to the Court (Doc. 35) is **STRICKEN**.[2] Mr. Buckman is not a party to the Complaint and is not authorized to file documents on Plaintiff's behalf. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[W]here [a] document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.") (citing Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308-09 (2nd

---

[2] Of note, Plaintiff was able to file a Motion for Appointment of Counsel (Doc. 34).

Cir. 1991)).

**DONE AND ORDERED** in Jacksonville, Florida, on December 12, 2013.

PATRICIA D. BARKSDALE
United States Magistrate Judge

sa 12/10
c:   Angel Santiago
     Antonio Buckman
     Ass't A.G. (Tietig)
     Ass't A.G. (Maher)