```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

ANGEL SANTIAGO,

               Plaintiff,

v.                                Case No. 3:13-cv-177-J-39PDB

M. HALL, et al.,

               Defendants.

## ORDER

### I. Status

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this case by filing a Civil Rights Complaint (Complaint) (Doc. 1). He names the following correctional officers employed at Florida State Prison as the Defendants in this action: (1) Officer B. Rowe; (2) Officer L. Jackson; (3) and Sergeant M. Hall. Plaintiff claims that his rights under the Eighth Amendment were violated on August 23, 2012, when Defendants Rowe and Jackson and Hall used unnecessary and excessive force upon Plaintiff in violation of the Eighth Amendment to the United States Constitution. Plaintiff claims Defendants Rowe and Jackson failed to stop Defendant Hall's abuse in violation of the Eighth Amendment. Plaintiff also claims a violation of the First Amendment to the United States Constitution, asserting that

the officers beat him in the shower in retaliation for Plaintiff's past conduct of stabbing an officer.  Finally, Plaintiff claims a violation under the Due Process Clause of the Fourteenth Amendment.

This cause is before the Court on Defendants' Motion for Summary Judgment (Motion for Summary Judgment) (Doc. 51) and Notice of Filing Evidence in Support of Motion for Summary Judgment (Doc. 53).[1]  The Court had previously advised Plaintiff of the provisions of Fed. R. Civ. P. 56, and gave him an opportunity to respond.  See Order (Doc. 7).  See also Notice (Doc. 52).  Plaintiff filed a Response (Doc. 57) and Supplemental Response (Doc. 61). Plaintiff's Declaration in Opposition to Defendants' Motion for Summary of Judgment (Doc. 57 at 1-16) will be stricken by the Court as it is not sworn to under penalty of perjury; therefore, it does not comply with the requirements of 28 U.S.C. § 1746.  Also, Plaintiff's Supplemental Response, which consists of a Declaration in Opposition to Defendants' Motion for Summary of Judgment (Doc. 61), will be stricken by the Court as it is not sworn to under penalty of perjury; therefore, it too does not comply with the requirements of 28 U.S.C. § 1746.  Thus, these two Declarations will not be considered by the Court.[2]

---

[1] The Court will refer to the exhibits submitted in support of Defendants' Motion for Summary Judgment as "Ex."

[2] Unsworn declarations cannot be considered by this Court in addressing a summary judgment motion.  Carr v. Tatangelo, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003).  Since unsworn declarations "plainly do not pass summary judgment muster[,]"  MacDonald v.

2

## II.  Summary Judgment Standard

"Summary judgment is appropriate only if 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).  "If the moving party meets this burden, 'the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.'"  Ekokotu v. Federal Exp. Corp., 408 F. App'x 331, 333 (11th Cir.) (per curiam) (quoting Fickling v. United States, 507 F.3d 1302, 1304 (11th Cir. 2007)), cert. denied, 132 S.Ct. 420 (2011).

## III. Law and Conclusions

### A.  Eighth Amendment Claim

"The Eighth Amendment of the United States Constitution forbids 'cruel and unusual punishments.' U.S. Const. amend. VIII. The Eighth Amendment is applicable to the states through the Fourteenth Amendment."  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted).  The Eleventh Circuit has set forth the standard for an excessive use of force claim for an inmate:

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional

---

Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 WL 113377, at *1 (M.D. Fla. Jan. 16, 2009), Plaintiff's Declarations will not be considered by the Court.

> rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. See Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not.

Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam). "Even when an officer is not a participant in the excessive force, he can still be liable if he fails to take reasonable steps to protect the victim." Ledlow v. Givens, No. 12-12296, 2012 WL 6176471, at *4 (11th Cir. Dec. 12, 2012) (per curiam) (not selected for publication in the Federal Reporter) (citation omitted), cert. denied, 133 S.Ct. 2802 (2013).

The parties present contradictory versions of what happened on August 23, 2012. Defendant Hall denies using any force against Plaintiff on August 23, 2012. Ex. B at 1-2. He states that the only injuries Plaintiff suffered were self-inflicted injuries. Id. at 2. He also states that he was unaware that Plaintiff had previously stabbed Officer Easterwood. Id. Defendant Rowe also states that Plaintiff's injuries were self-inflicted. Ex. C at 1-

4

2. Defendant Rowe attests that he did not hit or threaten to hit Plaintiff. Id. at 2. He also states that he did not know about the stabbing of Officer Easterwood by Plaintiff. Id. Defendant Jackson attests that he did not hit or threaten to hit Plaintiff on August 23, 2012. Ex. D at 1. Defendant Jackson states that the last time he saw Plaintiff on that date, Plaintiff had no injuries. Id. at 2. Finally, Defendant Jackson attests that he was not aware of the stabbing of Officer Easterwood by Plaintiff. Id.

Nurse Dana Warner (formerly Finley), in her sworn Declaration, states that, on August 23, 2012, she received a call that Plaintiff was banging his head in his cell. Ex. E at 1. When she arrived on the wing, she observed Plaintiff hitting his head against the wall and rubbing his head. Id. At medical, she evaluated Plaintiff's injuries. Id. She found minor abrasions to the left side of his face around his eye and lower lip. Id. She also found minor redness to his right arm. Id. She did not observe any other injuries. Id. Nurse Warner attests that she recorded all injuries and did not falsify the medical report. Id. Nurse Warner determined that no treatment was necessary, but Plaintiff could access sick call as needed. Id. at 1-2. She completed a mental health referral for Plaintiff. Id. at 2. Plaintiff told her that he had been abused by staff, but he did not identify the officers or specify what they had done to him. Id.

5

Dr. Leonard Schlofman, an optometrist with the Florida Department of Corrections, states in his sworn Declaration that he examined Plaintiff on October 5, 2012. Ex. F. at 1. Plaintiff complained of shadows in his left eye due to being subjected to a use of force. Id. Dr. Schlofman found no damage due to trauma. Id. He did find Plaintiff needed corrective lenses due to ambloypia of the left eye, a condition that causes refractive error in the eye. Id. Dr. Schlofman states that this eye condition is not caused by trauma. Id.

Officer Kyle Grandy, in his Declaration, states that he assisted in placing Plaintiff into cell B1-202S upon Plaintiff's return from medical, and Officer Rowe provided escort services. Ex. G at 1. Plaintiff had no injuries to his face or eyes. Id. Upon being secured in his cell, Plaintiff began banging his head against the wall of his cell. Id. He also began beating his head and face on the corner of his cell door and wall. Id. Defendant Rowe and Nurse Finley observed Plaintiff beating his head. Id. Staff escorted Plaintiff to medical. Id.

Plaintiff, on the other hand, in his verified Complaint,[3] states that Defendants Hall and Rowe were his escorts to medical on August 23, 2012, as Plaintiff declared a psychological emergency. Complaint at 6, 8. Defendant Hall mentioned to other officers that Plaintiff stabbed correctional officer Easterwood. Id. at 8. Defendant Hall began verbally abusing Plaintiff, calling him names, and threatening to beat Plaintiff for stabbing Easterwood. Id. Defendant Rowe also threatened to put his hands on Plaintiff. Id. When they arrived at the clinic waiting area, Defendant Hall told Plaintiff to spit in his face so that Hall could knock out Plaintiff's teeth. Id. Defendant Jackson asked Plaintiff if it was true that Plaintiff had stabbed an officer. Id. Plaintiff ignored the question, and Defendant Jackson grabbed Plaintiff's left arm and repeated the question. Id. Plaintiff did not respond. Id.

Plaintiff walked into Dr. Lim's office with Mr. Bailey and informed them that the escort officers were threatening to jump on him and he feared going to B wing. Id. at 8-9. Dr. Lim told

---

[3] The Complaint is signed by Plaintiff, dated, and provided "under penalty of perjury[.]" Complaint at 14. Factual statements in a verified complaint must be given the same weight as an affidavit. See Stallworth v. Tyson, No. 13-11402, 2014 WL 4215438, at *2 (11th Cir. Aug. 27, 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his [complaint] should have been given the same weight as an affidavit, because he verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

Plaintiff he was going to be fine and that the officers would not jump on him. Id. Defendants Hall and Jackson grabbed Plaintiff's arms and escorted him to B wing to be placed in a SHOS cell.[4] Id. Upon arriving on B wing, Defendants Hall, Rowe and Jackson took Plaintiff to the second floor shower. Id. Defendants placed Plaintiff in the last shower stall. Id. Defendant Hall entered the shower stall with Plaintiff, ordered Plaintiff to turn around so that he could remove the restraints, and Hall removed all restraints except for the handcuffs. Id. Defendant Hall turned Plaintiff towards him, pushed Plaintiff against the shower wall, and grabbed Plaintiff's throat. Id. Defendant Hall threatened to knock out Plaintiff's teeth and punched Plaintiff in the face and eyes. Id. Defendant Rowe stepped into the shower and punched Plaintiff in the face and left eye. Id. at 9-10. Defendant Jackson punched Plaintiff in the face and eye area. Id. at 10.

At this point, Defendant Hall threatened to kill Plaintiff. Id. Defendant Rowe said he was going to remove the handcuffs so that they could fight. Id. Plaintiff said he was straight, and Defendant Rowe punched him in the head. Id. Defendant Hall punched Plaintiff in the body and left ribs. Id.

Afterwards, the officers placed Plaintiff in a SHOS shroud and escorted him to cell B-1202. Id. Plaintiff told the officers he would report them. Id. The wing Sergeant told Plaintiff that the

---

[4] A SHOS cell is a self-harm observation status cell.

officers jumped on him because Plaintiff stabbed Easterwood. <u>Id</u>. Inmate Antonio Buckman, observing the bruises on Plaintiff's face, asked Plaintiff if he was jumped on in the shower, and Plaintiff told him yes. <u>Id</u>. Defendant Rowe, standing at the cell door, told Plaintiff to stop banging his head against the wall. <u>Id</u>. at 10-11. Plaintiff was not banging his head against the wall. <u>Id</u>. at 11. Correctional Officer K. Grandy approached Plaintiff's cell and told him to stop banging his head against the wall. <u>Id</u>. Claiming he had been assaulted, Plaintiff requested to see a nurse. <u>Id</u>. Lt. Griffis asked Plaintiff what was going on, and Plaintiff requested to see a nurse. <u>Id</u>. Lt. Griffis told Plaintiff to stop banging his head against the wall. <u>Id</u>. Nurse D. Finley approached Plaintiff's cell. <u>Id</u>. Plaintiff told her he was jumped on by three officers and that he had not been banging his head against the wall. <u>Id</u>. When Nurse Finley evaluated Plaintiff's injuries, she failed to note all of his injuries and falsified the medical documents, claiming Plaintiff was banging his head on the wall, but ceased banging his head and declared staff abuse when he saw medical staff standing at his cell door. <u>Id</u>.

Plaintiff asserts that he was severely beaten in the shower by the Defendants, even though he was not resisting or posing any threat to the officers, and that, as a result of the beating, he suffered from a left swollen eye with visible blood spots; blurred vision; a swollen right eye; abrasions to the right side of his

9

face; an abrasion to the left lip; abrasions on both arms; an abrasion to the back of the head; pain in his ribs, chest and back; and permanent eye damage, requiring prescription glasses. Id. at 12. Plaintiff states Defendants Rowe and Jackson failed to intervene and protect him from the beating by Hall. Id.

The parties have submitted sworn materials to support their respective positions. Defendants assert there was no use of force upon Plaintiff on August 23, 2012. Plaintiff claims all three Defendants used excessive force, two Defendants failed to take steps to stop the use of force by Defendant Hall, and that the nurse failed to record all of his injuries and falsified documents by stating that Plaintiff was banging his head against his cell wall. The evidence submitted by the parties is inconclusive. See Mathis v. Adams, No. 14-10605, 2014 WL 4067751, at *2 (11th Cir. 2014) (per curiam) (finding denial of summary judgment appropriate in a claim of excessive force which allegedly occurred during an altercation in the prison shower room). Plaintiff alleges that the assault occurred in the shower area. The question remains as to whether Defendants Hall, Rowe, and Jackson used force maliciously and sadistically for the very purpose of causing harm. An additional question remains as to whether Defendant Rowe and Jackson failed to protect Plaintiff from the actions of Defendant Hall.

Moreover, Plaintiff's medical records reflect that when Nurse Finley examined Plaintiff on August 23, 2012, he alleged staff abuse. (Doc. 57-2 at 2). He complained of pain in his ribs, chest and back, with the level of pain being eight in a scale of one to ten. Id. Nurse Finley noted minor abrasions on the left side of his face around his eye, a minor abrasion to his lower lip, and minor redness on his right arm. Id.

Plaintiff was seen in the Emergency Room on August 24, 2012 claiming injury from staff abuse that he claimed occurred on August 23, 2012. Id. at 8, 10. Nurse Reynolds noted moderate swelling to Plaintiff's left eye. Id. at 8. She also noted minor bruising to both inner arms. Id. She found a superficial abrasion to the back of his head. Id. She noted minor bruising to Plaintiff's right eye. Id. She found a superficial abrasion to Plaintiff's bottom lip. Id. She discovered superficial scratches on both ankles. Id. She found Plaintiff to be ambulating with difficulty. Id. Nurse Reynolds notified a physician of her findings and provided treatment to Plaintiff. Id.

The next day, August 24, 2012, Plaintiff complained of left facial pain and a headache. (Doc. 57-3 at 4). Dr. Hercule ordered a left orbital x-ray to rule out fractures and prescribed medication for Plaintiff. Id. at 5. Medical staff scheduled Plaintiff for an x-ray at the Reception and Medical Center (RMC).

11

(Doc. 57-2 at 6). The x-ray, completed on August 29, 2012, did not show an orbital fracture. (Doc. 57-3 at 6).

Summary judgment is appropriate if the pleadings and other evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. Based on a thorough review of the Complaint, sworn Declarations, and other evidence before the Court, the Court finds there are material issues of fact with respect to the Eighth Amendment claim of excessive force and failure to protect. Although Defendants deny beating Plaintiff or abusing him in any way and deny failing to intervene to prevent the beating or abuse, Plaintiff has presented a verified Complaint contending otherwise. The parties have submitted different stories, and the conflicting versions of the events are enough to defeat summary judgment. See Logan v. Smith, 439 F. App'x 798, 800-801 (11th Cir. 2011) (per curiam) (deciding the video and medical evidence did not flatly contradict the inmate's allegations, disallowing plenary summary judgment on the excessive force claim, finding it inappropriate, and determining the evaluation of the evidence is a matter for a jury); Hall v. Bennett, 447 F. App'x 921, 923 (11th Cir. 2011) (per curiam) (citation omitted) (acknowledging that the focus of the inquiry is on the nature of the force applied, not the extent of injury, and recognizing that there were two competing, contradictory stories with a record presenting a material issue of

fact concerning an alleged assault by an officer on an inmate, precluding summary judgment).

Based on the Court's core judicial inquiry in excessive force claims, addressing the nature of the force rather than focusing on the extent of the injury, the Court concludes that Defendants' Motion for Summary Judgment will be denied with respect to Plaintiff's excessive force claim and failure to protect claim because there are genuine issues of material fact that prevent the entry of summary judgment at this stage of the proceeding. Wilkins v. Gaddy, 559 U.S. 34, 39 (2010) (per curiam) (recognizing the shift in the judicial inquiry from the extent of the injury to the nature of the force, and asking whether the force was applied maliciously and sadistically to cause harm).

### B. 42 U.S.C. § 1997e(e)

Defendants contend that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e). Motion for Summary Judgment at 5-11. The Eleventh Circuit addressed the requirements of 1997e(e):

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000)

13

> (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody. In Harris, we decided that the phrase "Federal civil action" means all federal claims, including constitutional claims. 216 F.3d at 984-85.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004).

The Eleventh Circuit set forth the standard in an excessive use of force case.

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations

> omitted).[5] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).

The record shows that Plaintiff suffered some injuries.[6] He was treated for his injuries, provided with pain medication, and the doctor sent him to RMC for x-rays to rule out an orbital fracture. Under these circumstances the Court is not inclined to find that the injuries are de minimis.

In the alternative, Plaintiff is bringing a federal civil action, he is a prisoner, and he is seeking compensatory and punitive damages. However, Plaintiff also requests "such other and further relief as this Court may deem just[,] proper[,] and equitable." Complaint at 14. Liberally construed, such a prayer for relief could include a request for nominal damages. See Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) (per curiam) (finding that "[t]he district court erred when it found that [the plaintiff] was not seeking nominal damages because it failed to construe his pro se pleadings liberally").

---

[5] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

[6] Plaintiff asserts that the nurse failed to document some injuries. Of course, the cause of the injuries is in dispute.

The extent and cause of Plaintiff's injuries are in dispute. However, even assuming arguendo that Plaintiff's injuries are <u>de minimis</u>, construing Plaintiff's Complaint liberally, Plaintiff could still be entitled to nominal damages if he prevailed at trial. Thus, 42 U.S.C. § 1997e(e) does not provide a basis for dismissing this case at this time.

### C. Fourteenth Amendment Claim

Plaintiff, in his statement of claim, states that he raises a Fourteenth Amendment claim under the Due Process Clause. Complaint at 6. The Court notes that if, at the time of the events at issue, Plaintiff had been a pretrial detainee, "his Cruel and Unusual Punishment claims [would] sound properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment." <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 n. 3 (11th Cir. 2000) (citations omitted), <u>cert</u>. <u>denied</u>, 531 U.S. 1077 (2001). In this instance, however, Plaintiff is a convicted felon confined in the Florida Department of Corrections, not a pretrial detainee. Thus, his claim is properly classified as a Cruel and Unusual Punishment Clause claim under the Eighth Amendment, not a Fourteenth Amendment claim.

To the extent Plaintiff is attempting to raise some other type of Due Process Clause claim, he has failed to adequately present his claim and he has utterly failed to present operative facts to support a such a claim. Thus, Defendants' Motion for Summary

16

Judgment will be granted with respect to the Fourteenth Amendment claim.

### D.  First Amendment Claim

With respect to a claim of a First Amendment violation in a prison setting, the rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance or a lawsuit concerning the conditions of his imprisonment. Moulds v. Bullard, 345 F. App'x 387, 393 (11th Cir. 2009) (per curiam) (citation omitted); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008); see also Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005) (adopting the standard that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights"), cert. denied, 549 U.S. 809 (2006).

"The core of [a retaliation claim brought pursuant to 42 U.S.C. § 1983] is that the prisoner is being retaliated against for exercising his right to free speech." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (per curiam) (citation omitted), cert. denied, 133 S.Ct. 445 (2012). There are three elements to such a claim:

> [T]he inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3)

17

> there is a causal relationship between the
> retaliatory action and the protected speech."

Id. (first alteration added, remainder in original) (footnote omitted) (quoting Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)).

Plaintiff has not satisfactorily alleged a claim of retaliation under the First Amendment. Plaintiff does not allege that any "protected conduct was a motivating factor behind the harm[.]" Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1063 (11th Cir. 2013) (per curiam) (citing Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008)). Instead, Plaintiff claims the officers retaliated against him because he had stabbed an officer. Plaintiff has failed to allege, or provide supporting evidence, that he engaged in constitutionally protected speech or conduct and the Defendants' retaliatory acts adversely affected his protected speech or conduct. See Defendants' Motion for Summary Judgment at 11-12. Upon review, Defendants' Motion for Summary Judgment with regard to the First Amendment claim is due to be granted.

Therefore, it is now

**ORDERED**:

1. Plaintiff's Declaration in Opposition to Defendants' Motion for Summary of Judgment (Doc. 57 at 1-16) and Plaintiff's Declaration in Opposition to Defendants' Motion for Summary of Judgment (Doc. 61) are **STRICKEN.**

2. Defendants' Motion for Summary Judgment (Doc. 51) is **GRANTED** only to the extent that Plaintiff's First Amendment and Fourteenth Amendment claims are hereby **DISMISSED**. Judgment to that effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

3. Defendants' Motion for Summary Judgment (Doc. 51) is **DENIED** in all other respects.

4. Defendants shall file their pretrial narrative statement by **October 10, 2014.**

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of September, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 9/23
c:
Angel Santiago
Counsel of Record